UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:06-CR-084-1F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| LARRY CHRISTOPHER JONES, | ) | |
| Defendant. | ) | |

This matter is before the court on the Defendant's untitled motion for the court to reconsider its April 1, 2010, order in which it denied the Defendant's pro se motion to reduce his sentence pursuant to Rule 35(b). [DE-25].

In his March 25, 2010, motion to the court, Jones wrote that he "provided information to A.T.F. Chad Nesbett about a drug dealer [he] knew" and that he "was told [he] would receive a time reduction once there was a [sic] arrest and conviction." [DE-25]. In the court's April 1, 2010 order, the court explained that the decision whether to file a motion for reduction of sentence is within the Government's discretion. [DE-28]. In the instant motion, however, the Defendant alleges that his motion should be "re-addressed because his constitutional rights were violated." [DE-25].

As stated by this court in its previous order, it is well-settled law that whether to file a Rule 35(b) motion is a matter left to the Government's discretion. Fed. R. Crim. P. 35(b); *United States v. Dixon*, 998 F.2d 228, 230 (4th Cir. 1993). Therefore, where the Government is not satisfied that the Defendant's assistance

rose to the level of substantial assistance such to merit a motion for a reduction of his sentence, the petitioner must show either 1) that the government has obligated itself in a plea agreement to move for such a departure, or 2) that the Government's refusal to move for a reduction was based on an unconstitutional motive. *Wade v. United States*, 504 U.S. 181, 185-85 (1992); *United States v. Wallace*, 22 F.3d 84, 87 (4th Cir 1994).

Here, the Defendant states that an ATF agent promised him a reduction if his cooperation led to an arrest and conviction. The Defendant's plea agreement, however, clearly states that although "it will make known to the Court at sentencing the full extent of the Defendant's cooperation, . . . the Government is not promising to move for departure pursuant to USSG §5K1.1, 18 U.S.C. § 3553(e), or Fed. R. Crim. P. 35." [DE-18] p. 8. Therefore, it is clear there was no promise by the Government in the plea agreement that any reduction would be provided to the Defendant.

As to the allegation in his instant motion that his constitutional rights were violated, *Wade* requires the Defendant to "do more than merely allege the possibility that the discretionary refusal was unconstitutionally motivated." *Wallace*, 22 F.3d at 87 (In *Wallace*, the Fourth Circuit stated that even a more specific allegation – that the unconstitutionality of the refusal was rooted in racial bias – was insufficient to warrant further inquiry into the Government's motives.) Because the Defendant in this case has not met his burden of showing more than a mere allegation of unconstitutionality, the motion to reconsider does not warrant

2

any judicial inquiry at this point. Accordingly, Jones's Motion [DE-34] hereby is DENIED.

SO ORDERED.

This the 23rd day of June, 2010.

_____
JAMES C. FOX
Senior United States District Judge