UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:06-CR-84-F
No. 7:10-CV-242-F

| | | |
|---|---|---|
| LARRY CHRISTOPHER JONES, Movant, | ) | |
| v. | ) | ORDER |
| UNITED STATES OF AMERICA Respondent. | ) | |

This case has a tortured post-conviction history that can be tracked by consulting the docket sheet on CM/ECF. The last order entered, [DE-63] on April 28, 2011, addressed various motions to seal and a motion to dismiss, and further stated:

> Finally, the court deems [DE-62] to be a Jones's response *both* to [DE-56] *and* to [DE-59]. The Clerk of Court is DIRECTED to submit [DE-56] for adjudication after expiration of the Government's time for filing a Reply.

The sealed document at [DE-56] is a motion by the Government to dismiss Jones's § 2255 motion [DE-41 & -48]. Jones filed a response [DE-62] opposing the motion to dismiss, remarking that the Government's purported concerns supporting its motions to seal already had been realized, and reiterating his allegations concerning his trial counsel's performance. Jones's response, therefore, triggered a reply period, at the conclusion of which the Clerk was directed to re-submit the pending motion to dismiss. Until Jones contacted the Clerk of Court in late November 2011, the Government's motion to dismiss [DE-56] and Jones's response [DE-62] had not been submitted to the undersigned for ruling, although the Government's reply time expired in early May 2011.

On November 22, 2011, Jones' § 2255 motion [DE-41 & -48], deemed filed on December 1, 2010,[1] was submitted at the court's request following Jones's inquiry as to its status. The Government did not file a reply to Jones's response. The motions are ripe for disposition.

Larry Jones was charged in a three-count indictment on September 20, 2006, with distribution of crack cocaine, maintaining a place for the purpose of manufacturing, distributing and using controlled substances including crack, and possession of a firearm by a felon. Jones, through his appointed counsel, entered into a plea agreement [DE-18] with the Government in which the Government agreed to dismiss counts one and two, in exchange for Jones's plea of guilty to count three, the firearm charge. [2]

On November 13, 2006, Jones was arraigned after hearing the court's detailed litany advising all defendants present of their rights and affording the opportunity for any defendant

---

[1] Jones's first attempt on December 1, 2010, to institute a § 2255 proceeding [DE-41] failed to comply with the requirements of this district concerning form of petition. Jones's conforming petition [DE-48] was filed on January 14, 2011.

[2] The court advised all defendants present that:

> after you are sentenced the court [sic] is limited in most instances to one year within which to move for a reduction in your sentence pursuant to Rule 35(b) by reason of assistance rendered by you to the Government. The Government is not required to return to court with a Rule 35(b) motion to seek a reduction, and it is completely within the Government's discretion whether or not to do so. If the Government decides not to make a Rule 35(b) motion on your behalf, you're entitled to relief from the court in only a very few exceptional circumstances. At sentencing, you should advise the court whether or not the Government has made any representations to you or your attorney that your future cooperation might result in a Rule 35(b) motion. If the Government does make a Rules 35(b) motion to seek a reduction in your sentence by virtue of your assistance the making of such motion will not extend, toll, or affect the one year statute of limitations applicable to the time for your filing a post-conviction section 2255 motion to vacate, set aside, or correct your sentence. Furthermore, the United States Attorney cannot promise you that the court will grant a Rule 35(b) motion, nor can the United States Attorney promise you that law enforcement officers either will accept or act upon your offers of cooperation.

Transcript of Rule 11 Hearing [DE-32] pp. 11-12.

to ask questions or draw the court's attention to issues before beginning each Rule 11 arraignment. Transcripts of Jones' Rule 11 hearing/arraignment and sentencing were prepared in conjunction with his appeal, which was dismissed by the Fourth Circuit Court of Appeals as untimely. *See* [DE-39 & -40]. The Rule 11/arraignment transcript reveals that Jones was fully advised of his rights, and that the undersigned read all the charges and advised Jones of the minimum and maximum possible sentences for each of those charges. Additionally, the Assistant United States Attorney read the terms of the memorandum of plea agreement into the record and Jones confirmed under oath that he understood and agreed to those terms. *See* [DE-32], pp. 20-25. Although the court advised Jones that the court in no way is a party to his memorandum of plea agreement with the Government, Jones confirmed under oath that he and the Government had agreed:

> to the following positions as to sentencing factors, which are not binding on the court in its application of the advisory guideline range, provided that if defendant's conduct prior to sentencing changes the circumstances with respect to any such factors the Government is no longer bound to its position as to those factors: A downward adjustment of two levels for acceptance of responsibility is warranted; an additional one level may be warranted at the time of sentencing. That the applicable guideline range is United States Sentencing Guideline Section 2K2.1 and *an upward adjustment of four levels is warranted for possession of a firearm and ammunition in connection with another felony offense under sentencing guideline 2K2.1(b)(5).*

*Id.* at p. 24 (emphasis added).

After Jones confirmed the substance of his agreement with the Government, the court explained to him the provision in his plea agreement waiving direct appeal and collateral review of his conviction and sentence except on grounds of ineffective assistance of counsel or prosecutorial misconduct not known to him at the time he entered his guilty plea, or if the court imposed a sentence that constituted an upward departure from the advisory guideline range established at sentencing. *See id.* p. 25.

Jones declined the court's offer of any "other information or advice" prior to the court's accepting his guilty plea. *See id.* The court then asked Jones specifically, "Did you, in fact, as charged, possess a firearm which affected interstate commerce having previously been convicted of a crime punishable by imprisonment for a term exceeding one year?" *Id.* Under oath, Jones responded, "I did." *Id.* p. 26. By doing so, he admitted all the elements of the offense to which he pled guilty.

At sentencing, the Assistant United States Attorney confirmed that Jones had provided information but that it had not at that point risen to the level of substantial assistance, although it might prove helpful later and could lead to a Rule 35 motion. *See* [DE-33] p. 2. Jones specifically advised the court under oath that he understood that, if the Government chose not to return with a Rule 35(b) motion that he was not entitled to relief from the court. *See id.* p. 3. Neither defense counsel nor Jones himself had any objections to the findings contained in the Presentence Report, and the Government joined in Jones's lawyer's request that Jones be sentenced at the low end of the advisory guideline range.

Both defense counsel and Jones himself made impassioned arguments in support of a 70-month sentence. Ultimately, however, the court expressed unwillingness to impose a sentence at the low end of the advisory range. The court stated as reasons for imposing an 87-month sentence: Jones' prior record of assaultive behavior; the fact that Jones had had two prior terms of probation revoked; that "firearms, numerous types of drug paraphernalia, various narcotics induction devices and surveillance equipment" were recovered from Jones' home; and that two females in the house had indicated to law enforcement personnel that Jones had supplied them with crack. *See id.* p. 6.

After imposition of the sentence, the court advised Jones of his rights concerning appeal, including the fact that although he had a statutory right to appeal, he had waived his appeal rights as part of his plea agreement. Nevertheless, Jones was advised that he could present his

arguments to the appellate court by filing a notice of appeal within ten days, and that the Clerk would do the paperwork for him if he so desired. *See id.* p. 12.

Notice of appeal was filed on March 29, 2010. *See* [DE-26]. Appellate counsel was appointed and transcripts were prepared. In the interim, Jones filed, and this court denied, two motions to reconsider the sentence imposed. *See* [DE-28] and [DE-35]. The Fourth Circuit Court of Appeals dismissed Jones' appeal by order [DE-39] and judgment [DE-40] dated November 18, 2010. Jones filed his initial § 2255 motion [DE-41] on December 1, 2010.

Even if Jones's § 2255 motion could be deemed timely (it cannot, because it was filed more than one year after his conviction became final in April 2007, when he failed to file a timely direct appeal and no sufficient grounds have been suggested to apply equitable tolling of the limitations period), he is not entitled to relief from his conviction or sentence on the grounds advanced. His first ground, ineffective assistance of trial counsel, is not precluded by his collateral review waiver, but is unavailing, based on the face of the record. Grounds two, three, and four are precluded by virtue of Jones's waiver contained in the plea agreement.

However, because Jones was convicted of felon in possession of a firearm under 18 U.S.C. § 922(g), the Clerk of Court is DIRECTED to provide a copy of this order to the Federal Public Defender for investigation, pursuant to Standing Order No. 11-SO-3 (E.D.N.C. Oct. 18, 2011), whether Jones could be entitled to relief pursuant to *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011).

**SUMMARY**

Because the record on its face demonstrates that Jones is not entitled to relief on the grounds set forth in his § 2255 motion [DE-41 & -48], the Government's Motion to Dismiss [DE-56] is ALLOWED and Jones's § 2255 motion and request for appointment of counsel with regard to that motion [DE-41 & -48] are DENIED. There appear to be no grounds for issuance

of a certificate of appealability. Therefore, a certificate of appealability is DENIED as to [DE-41 & -48].

The Clerk of Court, however, is DIRECTED to provide a copy of this order to the Federal Public Defender for review pursuant to Standing Order No. 11-SO-3 (E.D.N.C. Oct. 17, 2011), in light of *Simmons*.

SO ORDERED.

This, the 28th day of November, 2011.

JAMES C. FOX
Senior United States District Judge